IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WILLIAM LAMONT HUDSON,     )
    )
    Petitioner    )
    )
    vs.    )    Civil Action No. 07-1685
    )    Magistrate Judge Amy Reynolds Hay
COMMONWEALTH OF    )
PENNSYLVANIA; DISTRICT    )
ATTORNEY OF ALLEGHENY COUNTY, )
    )
    Respondents    )

## MEMORANDUM OPINION AND ORDER

HAY, Magistrate Judge

    William Lamont Hudson was, at the time of initiating the present proceeding, a pre-trial

detainee, in the Allegheny County Jail, awaiting trial. He was awaiting trial on charges of one

count of rape, one count of involuntary deviate sexual intercourse, one count of incest, three

counts of aggravated indecent assault, three counts of indecent assault, one count of endangering

the welfare of children and one count of corruption of minors in an incident involving

Petitioner's daughter.

    The court deems the present petition to be filed pursuant to 28 U.S.C. § 2241 given that

Petitioner filed this habeas petition while he was in pre-trial detention.[1] The claims he makes in

---

[1] Section 2241 of Title 28 provides the proper jurisdictional vehicle through which Petitioner
can seek to have this court address his complaints. Section 2241 provides in relevant part that the "writ
of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the
Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). Here, Petitioner is
alleging that he is in custody in violation of his right to a speedy trial. A state pre-trial prisoner seeking
to vindicate his right to speedy trial may have his claims properly addressed by a federal court utilizing a
petition brought pursuant to Section 2241. Dickerson v. Louisiana, 816 F.2d 220, 224 (5th Cir. 1987)
(holding that inmate's pretrial habeas petition was properly brought under § 2241, which applies to

his petition are not entirely clear but the gravamen of the petition appears to be the factual claim that Petitioner was not brought to trial within the time required by Pa.R.Crim.P. 600. Related to that, is a claim of ineffective assistance of counsel for their allegedly seeking and obtaining continuances of the trial all without his consent. Alternatively, Petitioner could also be asserting a violation of his Sixth Amendment right to a speedy trial. To the extent that Petitioner is raising a violation of Pa.R.Crim.P. 600, such a claim is not cognizable herein. To the extent that he claims his trial counsel were ineffective for seeking and obtaining continuances without his consent, he fails to establish how he was prejudiced. To the extent that Petitioner is raising a Sixth Amendment delay of trial claim, he fails to sustain his burden. Because the four factors announced in Barker v. Wingo, 407 U.S. 514, 530 (1972) ultimately weigh in favor of the Commonwealth, Petitioner fails to establish a Sixth Amendment speedy trial violation. Hence, the petition should be dismissed.

## A. **Relevant Factual and Procedural History**

The factual background to this case is as follows. Petitioner's state criminal trial was originally scheduled for September 20, 2006. On September 18, 2006, petitioner, through Patrick Sweeney, Esquire, of the Office of Public Defender, filed a Motion for Postponement. Petitioner's case was rescheduled for January 30, 2007. Due to the unavailability of the trial court, petitioner's case was rescheduled for April 10, 2007. On March 6, 2007, petitioner filed a

---

persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him). As the Court observed in U.S. v. Tootle, 65 F.3d 381, 383 (4th Cir. 1995), "we note that a defendant who is in custody awaiting arraignment and/or trial is not without the ability to seek a remedy for the time he or she spends incarcerated without benefit of a timely arraignment and/or speedy trial. In these situations, a defendant can apply for a writ of habeas corpus with the district court pursuant to 28 U.S.C.A. § 2241(c)(3)[.]"

pro se motion.  On March 17, 2007, petitioner filed a pro se Motion/Letter captioned as Notice of Complaint of Ineffective Assistance of Counsel in Conjunction with Motion for Bill of Particulars. On March 22, 2007, petitioner filed a pro se Motion for Appointed Counsel.  On March 25, 2007, petitioner filed a pro se Writ of Habeas Corpus in the state court.

On March 29, 2007, Attorney Sweeney filed a Motion for Leave to Withdraw as Counsel. On April 3, 2007, the Honorable Donna Jo McDaniel granted Attorney Sweeney leave to withdraw and appointed the Office of Conflict Counsel to represent petitioner.

On April 10, 2007, petitioner, through Veronica Brestensky, Esquire, of the Office of Conflict Counsel, filed a Motion for Postponement.  Petitioner's case was rescheduled for August 6, 2007.  On May 1, 2007, petitioner's case was moved to September 11, 2007.  On July 24, 2007, Angela R. Carsia, Esquire, was appointed to represent petitioner.  On August 22, 2007, Attorney Carsia filed a Petition to Withdraw as Counsel, which was ultimately denied on September 4, 2007.  On September 4, 2007, petitioner, through Attorney Carsia, filed a Motion for Postponement.  Petitioner's case was rescheduled for September 19, 2007.

On September 13, 2007, petitioner, through Attorney Carsia, filed an Omnibus Motion and a Motion to Compel Production of Discovery.  On October 1, 2007, petitioner, through Attorney Carsia, filed a Motion for Postponement. Petitioner's case was rescheduled for January 7, 2008.  On November 14, 2007, petitioner filed a pro se Writ of Habeas Corpus in state court. On November 17, 2007, petitioner filed a pro se Motion to Set Nominal Bond Pursuant to Pa.R.Cr.P. 600(A).  On November 22, 2007, petitioner filed three (3) pro se Omnibus Motions. On November 25, 2007, petitioner filed a pro se Amended Motion to Quash Indictment.  On December 5, 2007, petitioner filed a pro se Ineffective Assistance of Counsel claim.

On January 7, 2008, petitioner appeared before the Honorable Donna Jo McDaniel and proceeded to a jury trial. Attorney Carsia represented petitioner. Assistant District Attorney P. Christopher Hoffman, Esquire represented the Commonwealth. A Judgment of Acquittal was sustained at one (1) count of aggravated indecent assault and one (1) count of indecent assault. On January 17, 2008, the jury adjudged petitioner guilty of corruption of minors and the jury could not reach a verdict on the remaining counts. Apparently the Commonwealth sought to retry Petitioner on the counts which the jury failed to reach a verdict.

Petitioner's re-trial case was then scheduled to be tried on May 7, 2008. However, according to the docket of the Court of Common Pleas of Allegheny County, it does not appear that Petitioner's re-trial took place on May 7, 2008, nor has it yet taken place as of the writing of this opinion.

It appears that Petitioner executed the instant habeas petition on or about October 12, 2007. Dkt. [8] at 1. However, the Clerk of Courts did not receive it until December 11, 2007 and it was not formally docketed until January 18, 2008, after Petitioner cured some deficiencies in his motion for leave to proceed IFP. The Respondents filed an answer on February 15, 2008. Dkt. [11].

**B. Discussion**

**1. Violation of Pa.R.Crim.P. 600 is not cognizable**

To the extent that Petitioner seeks to directly raise herein a claim that his rights under the Pennsylvania Rules of Criminal Procedure were violated, namely Pa.R.Crim.P. 600, he may not do so. Violations of state law do not, as a general rule, provide a basis for the grant of federal habeas relief. Engle v. Isaac, 456 U.S. 107 (1982); Wells v. Petsock, 941 F.2d 253 (3d Cir.

4

1991); Peterson v. Krysevig, Civ. A. No. 07-947, 2008 WL 4372940, at *11 (W.D.Pa. Sept. 22, 2008)("the issue was raised solely as one of state law and not of constitutional law, i.e., a violation of Pennsylvania Rules of Criminal Procedure 600 and not of the United States Constitution. Such a claimed violation of state rules of criminal procedure fails to state a claim cognizable in federal habeas proceedings."). Petitioner alleges nothing that would take his case outside of this general rule.

**2. No Speedy Trial violation has occurred**

To the extent that Petitioner intended to and did raise in the state courts a claim that Petitioner's speedy trial rights under the Sixth Amendment were violated, the petition should still be denied as Petitioner fails to merit relief.

The basic contention of the petition, as liberally construed, is that Petitioner's Sixth Amendment rights to a speedy trial have been violated.

The Sixth Amendment provides in relevant part that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy trial."[2] The Court in Barker v. Wingo, 407 U.S. 514 (1972) set forth the governing standard for determining whether an accused's right to a speedy trial has been violated. The factors are: (1) the length of delay; (2) who is responsible for the

---

[2] Technically, the speedy trial guarantee of the Sixth Amendment is not directly applicable to the states, rather the right to a speedy trial is made applicable to the States as incorporated by the Fourteenth Amendment's due process clause. Barker v. Wingo, 407 U.S. at 515("The Court's opinion in *Kloper v. North Carolina*, 386 U.S. 213 (1967), established that the right to a speedy trial is 'fundamental' and is imposed by the Due Process Clause of the Fourteenth Amendment on the States."). However, the standards under either Amendment appear to be the same. Compare Barker, (applying four prong standard to state prisoner under Fourteenth Amendment speedy trial guarantee) with United States v. Dogget, 505 U.S. 647 (1992) (applying the same four factor standard announced in Barker to federal convict asserting speedy trial violation under the Sixth Amendment). Hence, this court will not distinguish between cases based upon them dealing with state or federal convicts and will simply refer to the Sixth Amendment right as shorthand for the Fourteenth Amendment due process right to a speedy trial.

delay; (3) whether the accused asserted his right to a speedy trial in the state tribunals and (4) whether the delay caused prejudice. <u>Barker</u>, 407 U.S. at 530; <u>Heiser v. Ryan</u>, 15 F.3d 299, 303 (3d Cir. 1994). However, the court cautioned that the <u>Barker</u> analysis is not simply a mathematical or mechanical test. Rather, the Court instructed that

> the right to speedy trial is a more vague concept than other procedural rights. It is, for example, impossible to determine with precision when the right has been denied. We cannot definitely say how long is too long in a system where justice is supposed to be swift but deliberate. . . . Thus, as we recognized in *Beavers v. Haubert, supra*, any inquiry into a speedy trial claim necessitates a functional analysis of the right in the particular context of the case:
>
>> 'The right of a speedy trial is necessarily relative. It is consistent with delays and depends upon circumstances. It secures rights to a defendant. It does not preclude the rights of public justice.' 198 U.S. at 87.

<u>Barker</u>, 407 U.S. at 521-22. In light of the above, the Supreme Court has cautioned that "[W]e regard none of the four factors identified above as either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial. Rather, they are related factors and must be considered together with such other circumstances as may be relevant. In sum, these factors have no talismanic qualities; courts must still engage in a difficult and sensitive balancing process." <u>Barker</u>, 407 U.S. at 533.

As to <u>Barker</u>'s first factor, the length of delay is measured from the date of accusation until the commencement of trial. <u>See</u> <u>United States v. MacDonald</u>, 456 U.S. 1, 6 (1982)("In *United States v. Marion*, 404 U.S. 307, 313 (1971), we held that the Speedy Trial Clause of the Sixth Amendment does not apply to the period before a defendant is indicted, arrested, or otherwise officially accused"). Here, the criminal complaint was filed January 7, 2006. As of the commencement of the instant habeas petition, i.e., December 11, 2007, Petitioner had still not

been brought to trial on the charges. This constitutes a period of 23 months roughly. As of the writing of this report and recommendation in December 2008, Petitioner had already been brought to trial on the charges on January 17, 2008, with the jury finding him guilty of corruption of minors charge and with the jury being unable to reach a verdict as to the other charges.

The Supreme Court has explained that before a court embarks upon the entire four pronged Barker analysis, a habeas petitioner must show some threshold length of delay. As the Barker court explained: [t]he length of delay is to some extent a triggering mechanism. Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors[.]" Barker, 407 U.S. at 530. The Court in Doggett v. United States, 505 U.S. 647, 651-52 (1992) elaborated by noting that

> The first of these [Barker factors, i.e., length of delay,] is actually a double enquiry. Simply to trigger a speedy trial analysis, an accused must allege that the interval between accusation and trial has crossed the threshold dividing ordinary from "presumptively prejudicial" delay, 407 U.S. at 530-531, since, by definition, he cannot complain that the government has denied him a "speedy" trial if it has, in fact, prosecuted his case with customary promptness. If the accused makes this showing, the court must then consider, as one factor among several, the extent to which the delay stretches beyond the bare minimum needed to trigger judicial examination of the claim. *See id.*, at 533-534. This latter enquiry is significant to the speedy trial analysis because, as we discuss below, the presumption that pretrial delay has prejudiced the accused intensifies over time. In this case, the extraordinary 8 ½ year lag between Doggett's indictment and arrest clearly suffices to trigger the speedy trial enquiry[.]

Doggett, 505 U.S. at 651-652. Courts generally find that a habeas petitioner can meet this threshold showing of presumptively prejudicial delay as the delay approaches one year. Doggett, 505 U.S. at 652 n.1 ("the lower courts have generally found postaccusation delay 'presumptively prejudicial' at least as it approaches one year."). Instantly, Petitioner has met that threshold as the period of time between his being charged and his trial surpassed the one year mark.

Given that Petitioner has met the threshold showing, the court must fully address the four Barker factors in aid of determining whether Petitioner's Sixth Amendment rights were violated.

As to the first Barker factor of considering the entire length of delay, a length herein approaching two years, while not desirable, is hardly as egregious and objectionable as delays found violative of Sixth Amendment rights in other cases.  See, e.g., Doggett (8 year delay violated Constitution); and is significantly less than cases where the delay was held **not** to violate the Sixth Amendment: Barker v. Wingo, (5 year delay); United States v. Dent, 149 F.3d 180 (3d Cir. 1998)(5 year delay).  That having been said, given the relative shortness of delay, this factor weighs slightly, but only slightly, in favor of Petitioner especially when considered in light of the other factors.

The second Barker factor requires the court to consider the reasons for the delay. Instantly, Petitioner is responsible for most of the nearly two year delay.  He is responsible for the delay from September 18, 2006 to January 30, 2007 because his lawyer, Attorney Sweeney had requested a postponement of the trial which had been scheduled for September 20, 2006.  Dkt. [11-2] at 22 (motion for postponement filed on September 18, 2006).  That motion was granted and trial was rescheduled for January 30, 2007.  Given that the Trial Court was unavailable on that date, the trial was rescheduled for April 10, 2007.  However, on March 17, 2007, Petitioner filed pro so a Notice of complaint of ineffectiveness against Attorney Sweeney.  On March 22, 2007, Petitioner filed pro se a motion for appointment of counsel.  These filings apparently prompted Attorney Sweeney to file a motion for leave to withdraw as counsel, which was granted and new counsel was appointed in the person of Attorney Brestensky.

On April 10, 2007, the date on which Petitioner had been scheduled for trial, Attorney

Brestensky filed a motion for postponement, Dkt. [11-2] at 43, which was granted and Petitioner's trial was slated for August 6, 2007. Hence, the Court finds that the delay from January 30, 2007 to March 17, 2007 (a delay of roughly one and ½ months) was not attributable to Petitioner. However, the court finds that the delay from March 17, 2007 until August 6, 2007 was attributable to Petitioner, given that his actions prompted the withdrawal of Attorney Sweeney and the appointment of Attorney Brestinsky and it was she who requested a postponement for more time to prepare, which was granted. On May 1, 2007, Petitioner's trial was rescheduled from August 6, 2007 to September 11, 2007 – a delay of roughly one month. The record does not explain the reason for this, hence, the court assumes that the time is **not** attributable to Petitioner. On July 24, 2007, yet another attorney was appointed for Petitioner in the person of Attorney Carsia. On September 4, 2007, Attorney Carsia filed a motion for postponement, Dkt. [11-3] at 1, which was granted and trial was scheduled for September 19, 2007. However, on September 13, 2007, Petitioner, through Attorney Carsia filed a motion to compel production of discovery, which apparently necessitated the postponement of the trial because September 19, 2007 came and went and no trial was had. However, on October 1, 2007, Attorney Carsia filed a motion for postponement which was granted and trial was rescheduled for January 7, 2008.

The Court will count the time from September 19, 2007, the date whereon the trial had been scheduled but which was postponed due to the need for the filing of the motion to compel production of discovery, until October 1, 2007, against the Commonwealth and not against the Petitioner, which the court will count to be roughly ½ of a month. However the remaining period – from October 2, 2007 until January 7, 2008 – is counted against the Petitioner.

Hence, given the foregoing, the Petitioner is responsible for the entire 24 month delay except for just three of those months, which the Court finds attributable to the Commonwealth. Hence, Petitioner is responsible for the delay of 21 out of 24 months.

The Court of Appeals for the Third Circuit has declared that "portions of the delay which are attributable to the defendant or his counsel 'will not be considered for purposes of determining whether the defendant's right to a speedy trial has been infringed.' Wells v. Petsock, 941 F.2d 253, 258 (3d Cir.1991)[.]" Gattis v. Snyder, 278 F.3d 222, 231 (3d Cir. 2002). Bound by Gattis, this court will not further consider the delay of 21 months attributable to Petitioner. Hence, the only delay the court will consider is the roughly three months attributable to the Commonwealth.

Considering both the length of the total delay attributable to the respective parties and the reasons for such delay, and in light of the fact that the total amount of delay of nearly 24 months is attributable roughly 1/8 (i.e., 3 of the 24 months) to the Commonwealth and roughly 7/8 (21 of the 24 months) to the Petitioner, the court finds this factor to weigh in favor of the Commonwealth and against the Petitioner.

Turning to the next factor, we must consider Petitioner's assertion of his Sixth Amendment right to a speedy trial. On this record, the earliest assertion of the Sixth Amendment right to speedy trial is to be found in Dkt. [11-2] at 34 (referencing the fact that "petitioner has filed a Rule 600, Pro Se. The Commonwealth has not shown due diligents [sic] surrounding motion for Rule 600."). This statement came in a filing entitled "Writ of Habeas Corpus" that was filed in the trial court on March 25, 2007. This court notes that Petitioner nowhere mentioned the Sixth Amendment right to a speedy trial and hence, up to March 25, 2007, we find

that Petitioner was not diligent in pursuing his Sixth Amendment speedy trial rights. It was not until he filed another state writ for habeas corpus that Petitioner appears to have first mentioned his speedy trial rights under the Sixth Amendment. Dkt. [11-3] at 19. This state habeas writ was not filed until on or about November 14, 2007, the date whereon Petitioner signed the state petition for writ of habeas corpus. This factor appears to weigh against Petitioner in that he waited until only about two months before his trial on January 7, 2008 to alert the state courts that he was asserting his Sixth Amendment rights.

Even if, however, we were to consider for the sake of argument, Petitioner's invocation of his Rule 600 state law rights as being a "round about" way of invoking his Sixth Amendment rights, the earliest Petitioner could be deemed to have done so is March 25, 2007. Even under this scenario, Petitioner's trial was delayed only about 10 months after he arguably alerted the state Court to the speedy trial issue. Again, we find this factor to weigh slightly against Petitioner.

We turn next to the last factor of prejudice. Prejudice to the defendant is measured in terms of three interests the speedy trial right was designed to protect: preventing oppressive pretrial incarceration, reducing the accused's anxiety and concern, and limiting the impairment of defendant's ability to put on a defense. See Barker v. Wingo, 407 U.S. at 532.

Although a showing of prejudice is not absolutely necessary for the finding of a Sixth Amendment violation, Doggett, it is only the exceptional case where a Sixth Amendment violation can be shown even absent a showing of actual prejudice. See United States v. Gregory, 322 F.3d 1157, 1162 (9th Cir. 2003)("As we have interpreted Doggett, 'no showing of prejudice is required when the delay is great and attributable to the government.'"). Moreover, although

courts speak in terms of "presumptive prejudice," such language is merely a shorthand way of saying that a petitioner has made an adequate showing of delay so as to trigger the judicial inquiry mandated by Barker v. Wingo. Thus, notwithstanding this "presumptive prejudice" language, courts have required a person mounting a Sixth Amendment challenge to carry a burden of showing some actual prejudice due to the delay. Gregory, 322 F.3d at 1163 ("we assume that the delay was 22-months. This delay is not long enough to excuse Gregory from demonstrating actual prejudice to prevail on his claim."); United States v. Beamon, 992 F.2d 1009, 1013-14 (9th Cir. 1993)(same); Hakeem v. Beyer, 990 F.2d 750, 760 (3d Cir. 1993)("With respect to all its various types [of prejudice], the burden of showing prejudice lies with the individual claiming the violation"). Instantly, the relatively short length of cognizable delay of roughly 3 months, is not sufficiently egregious to relieve Petitioner of his burden to demonstrate actual prejudice if he is to succeed on his speedy trial claim. Hence, we examine what prejudice Petitioner asserts he suffered as a result of the delay in order to meet his burden.

In the habeas petition itself, Petitioner does not appear to specifically address the issue of prejudice in the context of delay of his trial. For the most part, any references to prejudice are conclusory and not made in the context of an argument about delay. See, e.g., Dkt. [8] at 3, ¶ 1 (last line, "denied me a fair trial by way of deception, lying, and post judgmental prejudice."); id., at 5 ("Defendant contends that he has been held under malicous [sic] prosecution, extremely prejudicial confinement, false imprisonment for he would have clearly walked due to the Commonwealth's failure to practise [sic] due diligence in bringing him to trial. . ."). Petitioner utterly fails to address the issue of prejudice in terms of a delay and so, we find he fails to carry his burden to show that this factor weighs in his favor. The absence of any such prejudice

12

weighs in favor of the Commonwealth.  There are absolutely no allegations of what evidence he

believes was lost, or what witnesses have become unavailable.  Such absence of any allegations

concerning this factor is simply insufficient to carry his burden.  Cf. Nelson v. Hargett, 989 F.2d

847, 853 (5th Cir. 1993)(stating that conclusory and "vague allusions" to the absence of witnesses

and the memory loss of others "are insufficient to establish prejudice under Barker and its

progeny"); Hakeem, 990 F.2d at 763 (stating "[g]eneral allegations that witnesses' memories

have faded are insufficient to create prejudice, at least absent extreme delay such as eight and

one-half years, or the special circumstances that existed in Doggett").  If "vague" and "general"

allegations are insufficient, *a fortiori*, the absence of any allegations, even vague ones is

insufficient.

Moreover, Petitioner was not incarcerated during the entire time from the time he was

charged, i.e., on January 7, 2006 until he was finally brought to trial on January 7, 2008.

Rather,Petitioner was only incarcerated from April 4, 2006 up to and including his trial on

January 7, 2008 (a period of one year and nine months). Dkt. 11-2 at 34, ¶ 3. The mere fact that

Petitioner has been incarcerated during this time does not establish the actual prejudice necessary

to support a Sixth Amendment speedy trial claim.  Indeed, our Court of Appeals has indicated

that mere incarceration is not sufficient, rather,it is only **oppressive** pre-trial incarceration that

can support a finding of actual prejudice.  Hakeem, 990 F.2d at 759-762.  The Court stated that

> [T]he seriousness of a deprivation of liberty due to pretrial incarceration will vary
> with the conditions of the defendant's confinement.  Indeed, the [Supreme] Court
> held that the speedy trial guarantee was intended to prevent "*oppressive* pretrial
> incarceration."  Barker, 407 U.S. at 532 (emphasis added).  All pretrial detention
> is not equally oppressive or precisely definable.
>      . . . . We do not believe it follows, however, that pretrial detention,
> coupled with a fourteen and one-half month delay, permits an automatic inference

of enough prejudice to balance that factor in petitioner's favor without proof of sub-standard conditions or other oppressive factors beyond those that necessarily attend imprisonment.

Hakeem, 990 F.2d at 761.

Petitioner makes no mention of the conditions of his confinement. He makes no mention of his incarceration being oppressive, nor does he appear to address any anxiety and concern. Finally, he makes no allegations concerning the impairment of defendant's ability to put on a defense. Hence, we find Petitioner to have failed to carry his burden to establish this prong of the Barker v. Wingo test. However, even if Petitioner had established some prejudice under this prong, whether concerning his anxiety or the oppressiveness of his pre-trial detention, considering that he is responsible for 7/8 of the delay in bringing him to trial, we find that Petitioner has not shown that the balance of factors weighs in his favor.

Hence, Petitioner fails to establish that his Sixth Amendment rights to a speedy trial have been violated. See, e.g., United States v. McGrath, 622 F.2d 36, 41 (2d Cir. 1980) (despite 24-month delay from indictment to trial, "[a]bsent specific assertions" of "specific and substantiated prejudice arising from the delay," no constitutional violation); McKenzie v. Herbert, 969 F.Supp. 1, 3 (E.D.N.Y. 1997) (no prejudice from 15-month incarceration despite petitioner's contention that "he was unable to assist in the preparation of his defense due to his pre-trial incarceration "; Amable v. Scully, 97 Civ. 4694, 1993 WL 300036, at *3 (S.D.N.Y. Aug. 4, 1993) ("Although petitioner was incarcerated during the nineteen month pre-trial period, this hardship is not sufficient prejudice to establish a violation of his constitutional right to a speedy trial when it is considered in the context of the other Barker factors."). Moreover, even if Petitioner had made some bald allegations of prejudice, such would not require the grant of the

14

writ.  <u>Barker</u>, 407 U.S. at 533 ("We regard none of the four [Barker] factors identified above as either a necessary or **sufficient** condition to the finding of a deprivation of the right of speedy trial.")(emphasis added).

Weighing the four <u>Barker</u> factors, and considering Petitioner's weak to non-existent showing of prejudice which weighs in favor of finding no Sixth Amendment violation,[3] and the relatively short length of cognizable delay, as well as the reasons for that delay, as well as Petitioner's assertion of his speedy trial rights, the court concludes that Petitioner has not carried his burden here to show a Sixth Amendment violation.

### 3. Ineffective Assistance of Counsel Claims

Lastly, it appears that Petitioner may be attempting to make  two Sixth Amendment claims for ineffective assistance of counsel based upon his counsels' seeking continuances without his permission and for failing to seek his discharge for the failure of the Commonwealth to bring him to trial within the time required by Pa.R.Crim.P. 600.

In <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), the Supreme Court explained that there are two components to demonstrating a violation of the right to effective assistance of counsel.  First, the defendant must show that counsel's performance was deficient.  This requires showing that "counsel's representation fell below an objective standard of reasonableness."  <u>Id</u>. at 688; <u>see</u> <u>also</u> <u>Williams v. Taylor</u>, 529 U.S. 362, 390-91 (2000). In reviewing counsel's actions, the court presumes that counsel was effective.  <u>Strickland</u>, 466 U.S. at 689.  There is no one correct way to represent a client and counsel must have latitude to make tactical decisions.

---

[3] <u>Rayburn v. Scully</u>, 858 F.2d 84, 94 (2d Cir. 1988)("courts generally have been reluctant to find a speedy trial violation in the absence of genuine prejudice").

Lewis v. Mazurkiewicz, 915 F.2d 106, 115 (3d Cir. 1990)("[W]hether or not some other strategy would have ultimately proved more successful, counsel's advice was reasonable and must therefore be sustained.").  In light of the presumption of effectiveness and the latitude afforded counsel, the Court of Appeals for the Third Circuit has explained, "[i]t is [] only the rare claim of ineffective assistance of counsel that should succeed under the properly deferential standard to be applied in scrutinizing counsel's performance." United States v. Kauffman, 109 F.3d 186, 190 (3d Cir. 1997)(quoting United States v. Gray, 878 F.2d 702, 711 (3d Cir.1989)).

Second, under Strickland, the defendant must show that he was prejudiced by counsel's deficient performance. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687. To establish prejudice, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694; see also Williams, 529 U.S. at 391.

As to the claim that counsel were ineffective for failing to seek Petitioner's discharge based on a contention that the Rule 600 period had run, Petitioner fails to establish that his counsel were unreasonable in doing so given that, similar to the Sixth Amendment analysis, any delay attributable to Petitioner or Petitioner's counsel is not countable against the Rule 600 time limit. See, e.g., Pa.R.Crim.P. 600(C)(3);[4] Commonwealth v. Jones, 886 A.2d 689, 702 (Pa.Super.

---

[4] Pa.R.Crim.P. 600 provides in relevant part that

(C) In determining the period for commencement of trial, there shall be excluded therefrom:

. . . .

2005)("The 249-day period from January 9, 2003 to September 15, 2003 is excludable, because Appellant's counsel requested the continuances at issue."). Given the analysis above under the Sixth Amendment that Petitioner and/or his counsel were responsible for 7/8 of the delay, there would be no merit to Petitioner's counsel raising, in state court, a claim that the Rule 600 time limit ran because just like the Sixth Amendment analysis, the Rule 600 analysis would find most of the delay attributable to continuances requested by the defense and so that delay would be excluded from the Rule 600 time limit. Hence, there is no ineffectiveness for failing to raise this meritless issue. Werts v. Vaughn, 228 F.3d 178, 203 (3d Cir. 2000)("counsel cannot be ineffective for failing to raise a meritless claim."). The same analysis would hold true to the extent that Petitioner claims his counsel were ineffective for failing to seek discharge based upon a putative violation of his Sixth Amendment speedy trial rights.

As for his claim of ineffectiveness based upon counsels' alleged failure to seek his permission before they requested continuances, Petitioner fails on both Strickland prongs. In order to establish the unreasonableness prong, he must establish that counsel could not seek a continuance without the explicit permission of the criminal defendant. This does not appear to be the law. New York v. Hill, 528 U.S. 110 (2000) (finding that defense counsel could effectively waive defendant's right to be brought to trial within the 180-day period specified under Interstate Agreement on Detainers (IAD), by agreeing to a trial date outside that time period, even without express consent by defendant; scheduling matters were among those for which agreement by

---

(3) such period of delay at any stage of the proceedings as results from:
    (a) the unavailability of the defendant or the defendant's attorney;
    (b) any continuance granted at the request of the defendant or the defendant's attorney.

counsel generally would control).  In the <u>Hill</u> case, the criminal defendant's attorney specifically

agreed to a trial outside the statutory time limits.  The criminal defendant appealed the state trial

court's refusal to dismiss the charges.  The New York State Supreme Court ultimately reversed.

Certiorari was granted and the United States Supreme Court reversed.  The United States

Supreme Court explained that:

> What suffices for waiver depends on the nature of the right at issue. "[W]hether the defendant must participate personally in the waiver; whether certain procedures are required for waiver; and whether the defendant's choice must be particularly informed or voluntary, all depend on the right at stake." <u>United States v. Olano</u>, 507 U.S. 725, 733 (1993). For certain fundamental rights, the defendant must personally make an informed waiver. <u>See</u>, <u>e.g.</u>, <u>Johnson v. Zerbst</u>, 304 U.S. 458, 464-465 (1938) (right to counsel); <u>Brookhart v. Janis</u>, 384 U.S. 1, 7-8 (1966) (right to plead not guilty). For other rights, however, waiver may be effected by action of counsel. "Although there are basic rights that the attorney cannot waive without the fully informed and publicly acknowledged consent of the client, the lawyer has-and must have-full authority to manage the conduct of the trial." <u>Taylor v. Illinois</u>, 484 U.S. 400, 417-418(1988). As to many decisions pertaining to the conduct of the trial, the defendant is "deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.' " <u>Link v. Wabash R. Co.</u>, 370 U.S. 626, 634 (1962) (quoting <u>Smith v. Ayer</u>, 101 U.S. 320, 326 (1880)). Thus, decisions by counsel are generally given effect as to what arguments to pursue, <u>see</u> <u>Jones v. Barnes</u>, 463 U.S. 745, 751 (1983), what evidentiary objections to raise, <u>see</u> <u>Henry v. Mississippi</u>, 379 U.S. 443, 451 (1965), and what agreements to conclude regarding the admission of evidence, <u>see</u> <u>United States v. McGill</u>, 11 F.3d 223, 226-227 (1st Cir. 1993). Absent a demonstration of ineffectiveness, counsel's word on such matters is the last.
>
> Scheduling matters are plainly among those for which agreement by counsel generally controls. This case does not involve a purported prospective waiver of all protection of the IAD's time limits or of the IAD generally, but merely agreement to a specified delay in trial. When that subject is under consideration, only counsel is in a position to assess the benefit or detriment of the delay to the defendant's case. Likewise, only counsel is in a position to assess whether the defense would even be prepared to proceed any earlier. Requiring express assent from the defendant himself for such routine and often repetitive scheduling determinations would consume time to no apparent purpose.

<u>Id</u>., at 114 to 115.  Hence, the mere fact that Petitioner's counsel did not seek his permission

prior to requesting continuances does not establish ineffectiveness. Rather, Petitioner must show more. What more is needed may not be entirely clear but what is clear is that Petitioner established **only** that his counsel requested continuances without his permission. Such does not establish ineffectiveness.

Even if the rule were otherwise and Petitioner had such a right to not have his counsel request continuances without his prior consent, and even if establishing such were sufficient to establish the unreasonable performance prong of <u>Strickland</u>, Petitioner still fails to show that he was prejudiced, as is his burden. Prejudice, in the context herein, means that Petitioner would have to show that there was a reasonable probability that had his counsel sought his permission and had Petitioner refused it, a continuance would still not have been given. There is nothing of record to indicate that this is the case. Surely, even if Petitioner had not given his consent, there is nothing barring counsel from seeking a continuance over Petitioner's objection if, in counsel's professional judgment, such was necessary in order to properly prepare for trial or for other necessity. Having made no showing that the continuance(s) would not have still been granted even over Petitioner's objections, Petitioner fails to establish prejudice. <u>Cf</u>. <u>U.S. v. Flores-Ochoa</u>, 139 F.3d 1022, 1024 (5th Cir. 1998)("Flores-Ochoa cannot satisfy the second prong of <u>Washington</u> [which is the same as <u>Strickland</u>]. Even if we assume that his counsel acted improperly by failing to request a continuance, there is no evidence that the court would have granted the motion."). Accordingly, this issue does not merit Petitioner relief.

### C. <u>Certificate of Appealability</u>

Even though the present petition is filed pursuant to Section 2241, because Petitioner is complaining of custody/detention arising out of process issued by a state court, he is required to

be granted a certificate of appealability if he desires to appeal.  Coady v. Vaughn, 251 F.3d 480, 486 (3d Cir. 2001).

A certificate of appealability should be issued only when a petitioner has made a substantial showing of a denial of a constitutional right. Applying this standard to the instant case, the court concludes that jurists of reason would not find the court's resolution of the claims herein debatable.  Accordingly, a certificate of appealability will be denied.

Accordingly, for any or all of the foregoing reasons, the petition is properly **DENIED**.  In like manner, a certificate of appealability is properly **DENIED** because Petitioner has not made either a substantial showing of the denial of a constitutional right or shown that jurists of reason would disagree with the court's procedural holdings.  See, e.g., Slack v. McDaniel, 529 U.S. 473 (2000); Walker v. Government of The Virgin Island, 230 F.3d 82, 89-90 (3d Cir. 2000).

**Petitioner is advised that he has the right for thirty (30) days to file a notice of appeal from our order denying his petition, see 28 U.S.C. § 2253(a); Fed. R. App. P. 4(a)(1)(A), and that our denial of a certificate of appealability does not prevent him from doing so, as long as he also seeks a certificate of appealability from the court of appeals. See Fed. R. App. P.  22(b)(1).**

**THESE THINGS ARE SO ORDERED** this 20th day of January, 2009.

/s/ *Amy Reynolds Hay*
United States Magistrate Judge

cc:    William Lamont Hudson
11844-3-E-124
Allegheny County Jail
950 Second Avenue
Pittsburgh, PA 15219

All Counsel of Record via CM-ECF